HANSON BRIDGETT LLP
WILLIAM D. TAYLOR, SBN 51689
wtaylor@hansonbridgett.com
JONATHAN W. KLOTSCHE, SBN 257992
jklotsche@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:   (916) 442-3333
Facsimile:   (916) 442-2348

FREEBORN & PETERS LLP
EDWARD L. FILER, IL SBN 6208892
efiler@freebornpeters.com
MEGHAN E. TEPAS, IL SBN 6301020
mtepas@freebornpeters.com
*Pro Hac Vice*
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:   (312) 360-6000
Facsimile:   (312) 360-6520

Attorneys for Defendant and Cross-Complainant HAMSTRA BUILDERS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| WESTERN RESOURCE PARTNERS, INC., | **CASE NO. 2:10-CV-03246-MCE** |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| HAMSTRA BUILDERS, INC. and DOES 1 through 10, inclusive, | (Shasta County Superior Court Case No. 170635) |
| Defendants. | |
| AND RELATED CROSS-ACTION. | |

///

///

# **PROTECTIVE ORDER**

The parties to this action have agreed to protect the information sought by Defendant Hamstra Builders, Inc. through a Subpoena issued May 10, 2012 to North Valley Bank.  For this reason, the parties hereby agree to and stipulate to the following protective order on the terms below for the documents (hereinafter "Responsive Documents") sought by the Subpoena as amended by the Court's Order issued May 27, 2012 limiting the applicable time frame of the subpoena to January 1, 2008 through December 31, 2010.

Plaintiff, Western Resource Partners, Inc. and Defendant, Hamstra Builders, Inc. HEREBY STIPULATE AND AGREE as follows:

1. The parties shall not use or disclose Responsive Documents except as provided in this Protective Order.

2. All Responsive Documents, or copies or extracts therefrom and compilations and summaries thereof; may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

   (a) the law firms of record in the above captioned litigation, their attorneys and staff, and in-house counsel for any party;

   (b) the named parties or officers or employees of any party, to the extent deemed necessary by counsel for conducting the above-captioned litigation;

   (c) experts and consultants for the purpose of assisting in the preparation of the case or for the purpose of testifying by deposition or at the trial;

   (d) the Court, and the Court staff;

   (e) court reporters, transcribers, notary publics, stenographers or copy services;

///

  (f) database providers, or graphics or design providers retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action;

  (g) any authors or recipients of the responsive documents;

  (h) testifying witnesses at trial, if necessary for their testimony;

  (i) jury or trial consultants retained by counsel for a party; and

  (j) any other person only upon order of the Court or upon prior written stipulation between the parties.

3. The Responsive Documents may be used at the trial of this lawsuit, or at any hearing regarding or relating to this lawsuit before any judicial officer, a party may use any Responsive Documents for any purpose, including introduction into evidence, subject to the rules of evidence and order of the Court.

4. If a party intends to file with or submit to the Court any pleading, written discovery, or other paper containing, incorporating, attaching, or referring to Responsive Documents, then that party shall ensure that all such items are filed consistent with the procedure set forth in Local Rules 140 and 141.

5. Responsive Documents shall be used solely and exclusively for the purpose of this lawsuit and for no other purpose.

6. The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing, or as ordered by the Court. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective upon approval by the Court. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order by the Court.

///

///

1    7.    Nothing in this Protective Order is intended to reflect the position of any
2 party or the Court on the admissibility of any information.  No evidentiary objections are
3 waived by this Protective Order.

DATED:  July 2, 2012

HANSON BRIDGETT LLP

By   /s/ Meghan E. Tepas
MEGHAN E. TEPAS
Attorneys for Defendant/Cross-Plaintiff
Hamstra Builders, Inc.

DATED:  July 2, 2012

MAIRE & BURGESS

By:   /s/ Jody M. Burgess
JODY M. BURGESS
Attorneys for Plaintiff/Cross-Defendant
Western Resource Partners, Inc.

**IT IS SO ORDERED:**

DATED:  July 3, 2012

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE