IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESTERN RESOURCE PARTNERS, INC.,

    Plaintiff,                        No. 2:10-cv-3246-MCE-EFB

vs.

HAMSTRA BUILDERS, INC. and DOES 1 through 10, inclusive,

    Defendants.                   ORDER

                                /

AND RELATED CROSS-ACTION.
                                /

      On July 9, 2012, defendant filed an ex parte application for expedited consideration of a hearing on defendant's accompanying motion to compel plaintiff to respond to defendant's second set of interrogatories, to supplement its answer to defendant's first set of interrogatories, and to compel the depositions of four individuals. Dckt. No. 54 at 2. Defendant contends that "[i]n light of the discovery deadline of July 9, 2012, expedited consideration of Defendant's Motion to Compel is needed as well as leave from the requirement that the parties file a joint statement of discovery dispute under the Local Rules." *Id.* at 3. Defendant therefore "requests that the Court consider this Motion immediately to preserve its right to compel a proper response to its First and Second Set of Interrogatories and to conduct the depositions of the above referenced individuals as agreed by the parties." *Id.*

1

On May 14, the district judge granted the parties' stipulation to extend the discovery deadline to July 9, 2012.[1] Dckt. No. 43. As stated in the court's amended pretrial scheduling order, the discovery deadline is the date on which all discovery is to be "completed," which "means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." *See* March 27, 2012 Amended Pretrial Scheduling Order, Dckt. No. 35, at 2.

This court has no authority to consider defendant's discovery motion since the discovery deadline has now passed.[2] While defendant may file a motion to further modify the amended pretrial scheduling order, the motion must be heard and decided by the district judge. Accordingly, defendant's ex parte application for expedited consideration of a hearing on defendant's motion to compel, and the accompanying motion to compel, Dckt. No. 54, are denied without prejudice.[3]

SO ORDERED.

DATED: July 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Also, on July 6, 2012, the assigned district judge approved a stipulation of the parties regarding conducting a Rule 30(b)(6) deposition of defendant. Dckt. No. 52. However, that stipulation and order did not otherwise impact the discovery completion deadline.

[2] The ex parte application to shorten time and the motion to compel were filed at 5:46 p.m. on the day the discovery deadline expired. Even though the motion was technically filed prior to the discovery completion deadline, it was still untimely because it was not filed with sufficient time for the discovery disputes to be resolved or any order on discovery to be obeyed.

[3] Of course, the parties are free to conduct discovery beyond the discovery completion deadline set by the court if they have agreed to do so; however, they do so with the risk that the court will not decide any disputes relating to that discovery.